IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60419
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY SCOTT LEE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-13-ALL-LN
--------------------
March 22, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Gregory Scott Lee appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Finding no error, we affirm.

Lee argues that the district court erred by admitting the testimony of police officers that Lee made incriminating statements about the firearm in question. Lee contends first that the prosecutor violated the district court's discovery order and the rule of Brady v. Maryland, 373 U.S. 83, 87 (1963), by failing to disclose the statements to defense counsel before the morning of

_____

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

trial.  We review alleged errors in the administration of discovery for abuse of discretion.  United States v. Ellender, 947 F.2d 748, 756 (5th Cir. 1991).  Lee has failed to state a Brady claim.  See United States v. Martinez-Mercado, 888 F.2d 1484, 1488-89 (5th Cir. 1989).  To the extent that Lee has raised a violation of Fed. R. Crim. P. 16, Lee has failed to show that the error was sufficiently prejudicial to his substantial rights to warrant reversal.  See United States v. Arcentales, 532 F.2d 1046, 1050 (5th Cir. 1976); United States v. Cochran, 697 F.2d 600, 605-06 (5th Cir. 1983).

Lee next argues that the statements should have been suppressed because the police failed to give him the warnings required by Miranda v. Arizona, 384 U.S. 436, 479 (1966).  We conclude that at the time Lee made the statements he was not yet in custody.  See United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir. 1988)(en banc).

AFFIRMED.